IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YAHAIRA GUZMAN        )
                      )
    v.                ) CV 17-199
                      )
NANCY A. BERRYHILL    )

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed a protective application for disability and disability insurance benefits, alleging mental and physical impairments, including gastric problems and obsessive-compulsive disorder ("OCD"). The claim was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied Plaintiff's request for review. This appeal followed. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the residual functional capacity ("RFC") was not supported by medical evidence, but instead represents the lay opinion of the ALJ. She also argues that the ALJ's credibility determination was improper.

### A. RFC

It is the ALJ's responsibility to determine a Plaintiff's RFC. In assessing a claimant's RFC, the ALJ will consider all of a claimant's medically determinable impairments, as well as all of the relevant evidence pertaining to those impairments, including medical records, statements

from medical sources, and descriptions by the claimant of her limitations. 20 C.F.R. §§ 404.1545(a)(3), 404.1545(a)(4). A claimant's statements, alone, do not serve to establish disability; instead, subjective reports should be supported by objective evidence. Pettway v. Colvin, No. 14-6334, 2016 U.S. Dist. LEXIS 141407, at *23 (E.D. Pa. Apr. 8, 2016). "That is, the ALJ's RFC determination must include all of Plaintiff's limitations, but only those limitations that are fully credible, or supported by objective evidence, need be included." Id. "Nothing in the Social Security Act or governing regulations requires the ALJ to obtain matching 'opinion' evidence in order to fashion a claimant's RFC." Vargas v. Berryhill, No. 16-02003, 2018 U.S. Dist. LEXIS 69551, at *22 (M.D. Pa. Mar. 13, 2018). Pertinent here, a medical source does not transform subjective complaints into objective findings by recording them. Bottenfield v. Astrue, No. 12-06, 2013 U.S. Dist. LEXIS 489, at *6 (W.D. Pa. Jan. 3, 2013).

Here, the RFC states that Plaintiff can perform medium work, except with lift/carry limitations, stand and walk limitations. The RFC also contains several environmental limitations, as well as a limitation to simple, routine, and repetitive tasks, simple work-related decisions, and few if any workplace changes. IT also limited her to only occasional interaction with the public and co-workers, and no tandem tasks. Noting that the RFC does not account for gastroparesis symptoms, the Plaintiff points to records supporting her reports of nausea, vomiting, and diarrhea, as well as her testimony that these symptoms affected her daily routine. In particular, Plaintiff appears to suggest that the ALJ should have included a functional limitation that addressed her potential lateness to work due to her symptoms.

Here, the ALJ recounted all of the medical evidence of record relating to Plaintiff's gastrointestinal condition. Along with Plaintiff's disinclination to further explore potential causes of her condition, he noted a reduction in symptoms in July, 2015; a lack of objective

3

findings to explain the symptoms; and a July 2015 medical note that stated that Plaintiff's gastroparesis was "very mild." At that time, Plaintiff reported that her symptoms were periodic but usually slight. The ALJ considered Plaintiff's testimony regarding her gastric symptoms alongside the entirety of the record, including all of the medical evidence.

**B. Credibility**

Plaintiff argues that the ALJ erred in assessing her credibility, particularly with respect to her anxiety and OCD. The ALJ discounted Plaintiff's complaints because she had no hospitalizations or specialized mental health treatment.

This error, Plaintiff contends, infected the ALJ's treatment of the opinion of Dr. Neal, a consulting examiner. Plaintiff's arguments are, generally speaking, well-taken; assessing the validity of mental impairments and subjective complaints, in tandem, is a difficult task. Cf. Santana v. Astrue, No. 12-815, 2013 U.S. Dist. LEXIS 42788 (E.D.N.Y. Mar. 25, 2013). Here, Plaintiff complains that Dr. Neal opined that Plaintiff was markedly limited in responding appropriately to usual work settings and changes in a routine work setting. The RFC, however, limited Plaintiff to few, if any, workplace changes, and simple, routine, repetitive tasks and decisionmaking. Plaintiff does not address how these limitations fail to accommodate those opined to by Dr. Neal.

Aside from its impact on the analysis of Dr. Neal's opinion, Plaintiff assigns more general error to the ALJ's treatment of her subjective complaints.

> Allegations of pain and other subjective symptoms must be supported by objective medical evidence." Thus, an ALJ need not fully credit a complainant's testimony about his pain; he must, instead, "take care to address such evidence in the course of his findings." More specifically, "[i]n order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." If the ALJ

4

concludes that pain complaints are not credible, "the basis for such a conclusion must be indicated in his or her decision."

Bottenfield, 2013 U.S. Dist. LEXIS 489, at *6 (citations omitted).

Plaintiff's arguments are well-crafted, and I empathize with her situation. Nonetheless, as discussed supra, it is apparent that the ALJ thoroughly considered the entire record and identified legitimate grounds for his conclusions. Applicable standards preclude me from re-weighing the evidence, and I am constrained to conclude that the ALJ adequately explained legitimate reasons for failing to fully credit Plaintiff's subjective complaints.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: June 14, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YAHAIRA GUZMAN )
) No. 17-199
)
   v.

NANCY A. BERRYHILL

## ORDER

AND NOW, this 14th day of June, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court